**United States Department of Justice**

*United States Attorney*
*Southern District of West Virginia*

| | |
|---|---|
| *Robert C. Byrd United States Courthouse* | *Mailing Address* |
| *300 Virginia Street, East* | *Post Office Box 1713* |
| *Suite 4000* | *Charleston, WV 25326* |
| *Charleston, WV 25301* | *304-345-2200* |
| *1-800-659-8726* | *FAX: 304-347-5104* |

November 13, 2012

FILED

MAR 19 2013

U.S. District ___ ERK
Southern District of West Virginia

John D. Wooton, Esquire
The Wooton Law Firm
201 North Kanawha Street
Beckley, West Virginia  25801

Re:  United States v. Myra Miller

Dear Mr. Wooton:

This will confirm our conversations with regard to your client, Myra Miller (hereinafter "Ms. Miller").  As a result of these conversations, it is agreed by and between the United States and Ms. Miller as follows:

1.  **CHARGING AGREEMENT.**  Ms. Miller agrees to waive her right pursuant to Rule 7 of the Federal Rules of Criminal Procedure to be charged by indictment and will consent to the filing of a single-count information to be filed in the United States District Court for the Southern District of West Virginia, a copy of which is attached hereto as "Plea Agreement Exhibit A."

2.  **RESOLUTION OF CHARGES**.  Ms. Miller will plead guilty to a violation of 21 U.S.C. § 846 (conspiracy to misuse a DEA registration number of another) as charged in said information.

3.  **MAXIMUM POTENTIAL PENALTY.**  The maximum penalty to which Ms. Miller will be exposed by virtue of this guilty plea is as follows:

(a)  Imprisonment for a period of up to 4 years;

_____
Defendant's
Initials

John D. Wooton, Esquire
November 13, 2012                         Re: Myra Miller
Page 2

     (b)    A fine of $250,000, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

     (c)    A term of supervised release of 1 year;

     (d)    A mandatory special assessment of $100.00 pursuant to 18 U.S.C. § 3013;

     (e)    Pursuant to 21 U.S.C. § 862(a)(1), the Court may deny certain federal benefits to Ms. Miller for a period of 1 year; and

     (f)    Restitution as may be ordered by the Court pursuant to 18 U.S.C. §§ 3663 and 3664.

    4.    **SPECIAL ASSESSMENT.**  Prior to the entry of a plea pursuant to this plea agreement, Ms. Miller will tender a check or money order to the Clerk of the United States District Court for $100.00, which check or money order shall indicate on its face the name of defendant and the case number.  The sum received by the Clerk will be applied toward the special assessment imposed by the Court at sentencing. Ms. Miller will obtain a receipt of payment from the Clerk and will tender a copy of such receipt to the United States, to be filed with the Court as an attachment to this plea agreement.  If Ms. Miller fails to provide proof of payment of the special assessment prior to or at the plea proceeding, the United States will have the right to void this plea agreement.  In the event this plea agreement becomes void after payment of the special assessment, such sum shall be promptly returned to Ms. Miller.

    5.    **FORFEITURE.**  Ms. Miller hereby agrees as follows:

     (a)    To forfeit to the United States any and all interests she and her company, W D, LLC, have in the following real and personal property:

         (1)    The sum of $475,823.75, more or less, in United States currency, which consists of $465,815.75 that was seized from her residence at 231 Central Avenue, South Williamson, Kentucky, on March 2, 2010,

                                                                         _____
                                                                  Defendant's
                                                                  initials

John D. Wooton, Esquire
November 13, 2012                           Re: Myra Miller
Page 3

> pursuant to a federal search warrant; and $10,008.75
> that was seized from Account No. XXXXXXXXX9439,
> Branch Banking & Trust (BB&T), pursuant to a federal
> seizure warrant executed the same date;

(2)   Real property consisting of two buildings (one
      three-story and one four-story), utilizing a street
      address of 35 West Third Avenue, Williamson, Mingo
      County, West Virginia, together with all
      improvements thereon and appurtenances thereto, and
      being more particularly described in those certain
      deeds dated October 29, 2009, and recorded in the
      Office of the Clerk of the County Commission for Mingo
      County, West Virginia, in Deed Book 428 at pp. 713,
      717 and 719, in the name of "W D, LLC." These
      properties have been conveyed by W D, LLC to 35 3rd
      Ave., LLC, and Vinsonian Investments, LLC, pursuant
      to the district court's order of November 8, 2011
      (ECF 74), and subject to the United States Notice of
      Lis Pendens, by deeds dated January 23, 2012, and
      recorded in the Mingo County Clerk's Office in Deed
      Book 443 at pp. 27 and 29; and

(3)   The property taxes on the real properties identified
      in paragraph (a)(2) above are currently delinquent
      for tax year 2011 and are currently due for tax year
      2012. The properties are subject to being sold at
      a tax sale on November 14, 2012, if the 2011 taxes
      and related expenses are not paid by November 13,
      2012. Ms. Miller agrees to bring all property taxes
      (2011 and 2012) current on these two properties by
      the filing date of this plea agreement or by such
      other date as agreed to in writing by the United
      States.

The foregoing properties are presently undergoing
forfeiture, pursuant to 21 U.S.C. § 881(a), in a pending
civil judicial forfeiture action styled United States v.
$475,823.75, et al., Civil Action No. 2:10-cv-1007 (USDC
SDWV);

                                    _____
                                         Defendant's
                                          Initials

John D. Wooton, Esquire
November 13, 2012                          Re: Myra Miller
Page 4

    (b)   To provide sworn testimony and to execute any documents deemed necessary by the United States to effectuate the forfeiture and to transfer title to the said property to the United States; and

    (c)   To waive any defenses to this criminal action, or to any related administrative or judicial forfeiture action, based in whole or in part on the Excessive Fines Clause of the Eighth Amendment to the Constitution;

    6.   **PAYMENT OF MONETARY PENALTIES.**  Ms. Miller agrees not to object to the District Court ordering all monetary penalties (including the special assessment, fine, court costs, and any restitution that does not exceed the amount set forth in this plea agreement) to be due and payable in full immediately and subject to immediate enforcement by the United States.  So long as the monetary penalties are ordered to be due and payable in full immediately, Ms. Miller further agrees not to object to the District Court imposing any schedule of payments as merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

    7.   **COOPERATION.**  Ms. Miller will be forthright and truthful with this office and other law enforcement agencies with regard to all inquiries made pursuant to this agreement, and will give signed, sworn statements and grand jury and trial testimony upon request of the United States.  In complying with this provision, Ms. Miller may have counsel present except when appearing before a grand jury.

    8.   **USE IMMUNITY.**  Unless this agreement becomes void due to a violation of any of its terms by Ms. Miller, and except as expressly provided for in paragraph 10 below, nothing contained in any statement or testimony provided by her pursuant to this agreement, or any evidence developed therefrom, will be used against her, directly or indirectly, in any further criminal prosecutions or in determining the applicable guideline range under the Federal Sentencing Guidelines.

 

                                                  Defendant's
                                                  Initials

John D. Wooton, Esquire
November 13, 2012                        Re: Myra Miller
Page 5

9.   **LIMITATIONS ON IMMUNITY.**   Nothing contained in this
agreement restricts the use of information obtained by the United
States from an independent, legitimate source, separate and apart
from any information and testimony provided pursuant to this
agreement, in determining the applicable guideline range or in
prosecuting Ms. Miller for any violations of federal or state laws.
The United States reserves the right to prosecute Ms. Miller for
perjury or false statement if such a situation should occur pursuant
to this agreement.

10.   **STIPULATION OF FACTS AND WAIVER OF FED. R. EVID. 410.**   The
United States and Ms. Miller stipulate and agree that the facts
comprising the offense of conviction include the facts outlined in
the "Stipulation of Facts," a copy of which is attached hereto as
"Plea Agreement Exhibit B."

Ms. Miller agrees that if she withdraws from this agreement,
or this agreement is voided as a result of a breach of its terms by
her, and she is subsequently tried on any of the charges in the
Information, the United States may use and introduce the Stipulation
of Facts in the United States case-in-chief, in cross-examination
of her or of any of her witnesses, or in rebuttal of any testimony
introduced by her or on her behalf.   Ms. Miller knowingly and
voluntarily waives, see United States v. Mezzanatto, 513 U.S. 196
(1995), any right she has pursuant to Fed. R. Evid. 410 that would
prohibit such use of the Stipulation of Facts.   If the Court does
not accept the plea agreement through no fault of the defendant, or
the Court declares the agreement void due to a breach of its terms
by the United States, the Stipulation of Facts cannot be used by the
United States.

The United States and Ms. Miller understand and acknowledge that
the Court is not bound by the Stipulation of Facts and that if some
or all of the Stipulation of Facts is not accepted by the Court, the
parties will not have the right to withdraw from the plea agreement.

11.   **AGREEMENT ON SENTENCING GUIDELINES.**   Based on the
foregoing Stipulation of Facts, the United States and Ms. Miller
agree that the following provisions of the United States Sentencing
Guidelines apply to this case.

_____
Defendant's
Initials

John D. Wooton, Esquire
November 13, 2012                          Re: Myra Miller
Page 6

Single-count Information:

    USSG §2D3.1

    Base offense level                          6

    Adjusted offense level                      6

The United States and Ms. Miller acknowledge and understand that the Court and the Probation Office are not bound by the parties' calculation of the United States Sentencing Guidelines set forth above and that the parties shall not have the right to withdraw from the plea agreement due to a disagreement with the Court's calculation of the appropriate guideline range.

12. **WAIVER OF APPEAL AND COLLATERAL ATTACK.** Ms. Miller knowingly and voluntarily waives the right to seek appellate review of her conviction and of any sentence of imprisonment or fine imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742, so long as that sentence of imprisonment or fine is below or within the Sentencing Guideline range corresponding to offense level 6. The United States also waives its right to seek appellate review of any sentence of imprisonment or fine imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742, so long as that sentence of imprisonment or fine is within or above the Sentencing Guideline range corresponding to offense level 4.

Ms. Miller also knowingly and voluntarily waives the right to challenge her guilty plea and her conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.

The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

                                                  Defendant's
                                                  Initials

John D. Wooton, Esquire
November 13, 2012                          Re: Myra Miller
Page 7

13.  **WAIVER OF FOIA AND PRIVACY RIGHT**.  Ms. Miller knowingly and voluntarily waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without any limitation any records that may be sought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, following final disposition.

14.  **FINAL DISPOSITION**. The matter of sentencing is within the sole discretion of the Court. The United States has made no representations or promises as to a specific sentence.  The United States reserves the right to:

(a)  Inform the Probation Office and the Court of all relevant facts and conduct;

(b)  Present evidence and argument relevant to the factors enumerated in 18 U.S.C. § 3553(a);

(c)  Respond to questions raised by the Court;

(d)  Correct inaccuracies or inadequacies in the presentence report;

(e)  Respond to statements made to the Court by or on behalf of Ms. Miller;

(f)  Advise the Court concerning the nature and extent of Ms. Miller's cooperation; and

(g)  Address the Court regarding the issue of Ms. Miller's acceptance of responsibility.

15.  **VOIDING OF AGREEMENT**.  If either the United States or Ms. Miller violates the terms of this agreement, the other party will have the right to void this agreement. If the Court refuses to accept this agreement, it shall be void.

_____
Defendant's
Initials

John D. Wooton, Esquire
November 13, 2012                          Re: Myra Miller
Page 8

16.  **ENTIRETY OF AGREEMENT.**  This written agreement
constitutes the entire agreement between the United States and Ms.
Miller in this matter.  There are no agreements, understandings or
recommendations as to any other pending or future charges against
Ms. Miller in any Court other than the United States District Court
for the Southern District of West Virginia.

Acknowledged and agreed to on behalf of the United States:

                              R. BOOTH GOODWIN II
                              United States Attorney

              By:

                              JOHN J. FRAIL
                              Assistant United States Attorney

JJF/slk

I hereby acknowledge by my initials at the bottom of each of the
foregoing pages and by my signature on the last page of this
eight-page agreement that I have read and carefully discussed every
part of it with my attorney, that I understand the terms of this
agreement, and that I voluntarily agree to those terms and conditions
set forth in the agreement.  I further acknowledge that my attorney
has advised me of my rights, possible defenses, the Sentencing
Guideline provisions, and the consequences of entering into this
agreement, that no promises or inducements have been made to me other
than those in this agreement, and that no one has threatened me or
forced me in any way to enter into this agreement.  Finally, I am
satisfied with the representation of my attorney in this matter.


_____          1-4 13
MYRA MILLER                              _____
Defendant                               Date Signed

_____          1-10-13
JOHN D. WOOTON, ESQUIRE                  _____
Counsel for Defendant                   Date Signed

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

UNITED STATES OF AMERICA

v.                                    CRIMINAL NO. _____

                                      21 U.S.C. § 846

MYRA MILLER

I N F O R M A T I O N

The United States Attorney Charges:

From on or about February 17, 2010, to on or about February 19, 2010, at or near Williamson, Mingo County, West Virginia, and within the Southern District of West Virginia and elsewhere, defendant MYRA MILLER and other individuals known and unknown to the United States Attorney, knowingly conspired to commit offenses in violation of 21 U.S.C. § 843(a)(2), that is, knowingly and intentionally using the registration number issued to another person, that is, William Ryckman, M.D., in the dispensing of and for the purpose of acquiring and obtaining hydrocodone, a Schedule III controlled substance, and alprazolam, also known as "Xanax," a Schedule IV controlled substance.

In violation of Title 21, United States Code, Section 846.

UNITED STATES OF AMERICA

R. BOOTH GOODWIN II
United States Attorney

By: _____
JOHN J. FRAIL
Assistant United States Attorney

"PLEA AGREEMENT EXHIBIT A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON


UNITED STATES OF AMERICA


v.                                    CRIMINAL NO. 2:13-00025-01


MYRA MILLER


## STIPULATION OF FACTS

The United States and Myra Miller ("defendant") stipulate and agree that the facts comprising the offense of conviction in the single-count information in the Southern District of West Virginia, include the following:

1.   At all relevant times, defendant was employed as the office manager and worked for Dr. William Ryckman, M.D., who was a duly licensed physician/medical doctor (M.D.) whose principal practice was located at 35 W. 3rd Avenue, Williamson, Mingo County, West Virginia, within the Southern District of West Virginia.

2.   Defendant knew that Dr. Ryckman possessed a Drug Enforcement Administration (DEA) registration number which authorized him to prescribe controlled substances for legitimate medical purposes and within the usual course and bounds of medical practice.

3.   Defendant knew it was improper, illegal and outside the normal course of professional medical practice to utilize Dr. Ryckman's DEA registration number to issue controlled substance prescriptions when he was absent from his principal practice location and had not determined that the controlled substance prescription was for a legitimate medical purpose.


"PLEA AGREEMENT EXHIBIT B"

4.   Defendant   knew   that   all   controlled   substance prescriptions were required to be dated and signed by Dr. Ryckman on the date when issued.

5.   Defendant knew that hydrocodone was a Schedule III controlled substance and alprazolam, also known as "Xanax," was a Schedule IV controlled substance.

6.   From on or about February 17, 2010, to on or about February 19, 2010, defendant caused multiple controlled substances to be prescribed under Dr. Ryckman's DEA registration to individuals who were not evaluated or seen by a physician.  On February 17, 2010, several blank "doctors list" were faxed to Dr. Ryckman at his residence in Pennsylvania, which he signed and faxed back to defendant.   With Dr. Ryckman's knowledge and authorization, the blank lists were then utilized to prescribe controlled substance medications for patients who were not evaluated or seen by Dr. Ryckman.   Defendant directed others to fill in multiple patients' names and dates of birth and prescription type, strength, and quantity and faxed the prescriptions improperly authorized by Dr. Ryckman to the pharmacies in order for these controlled substances to be dispensed.   On February 19, 2010, when Dr. Ryckman was absent from his principal practice location, patients who came to Dr. Ryckman's practice location paid a cash fee and were directed by defendant or others, at her direction, to one of at least two pharmacies located in Mingo County, West Virginia, where they received controlled substance medication(s) including hydrocodone and alprazolam.   Prior to the patients' arrival at the pharmacies, the pre-signed "doctors list" containing the patients' respective prescriptions was faxed by defendant or others, at her direction, from Dr. Ryckman's principal practice location to the pharmacy with Dr. Ryckman's knowledge even though he had neither seen the patient nor determined that the controlled substance prescription issued under his DEA registration was for a legitimate medical purpose.   Due to the "doctors list" being blank when he received it, Dr. Ryckman did not know who was receiving controlled substances or what controlled substances were being prescribed.   Additionally, the patients' medical records were maintained at the principal practice location and Dr. Ryckman did not have access to them when he signed the blank "doctors list" because he was in Pennsylvania.

2

This Stipulation of Facts does not contain each and every fact known to defendant and to the United States concerning her involvement and the involvement of others in the charges set forth in the Information, and is set forth for the limited purpose of establishing a factual basis for defendant's guilty plea.

Stipulated and agreed to:


_____          _____
MYRA MILLER                                3-19-13
Defendant                                 Date


_____          _____
JOHN D. WOOTON, ESQUIRE                    3-19-13
Counsel for Defendant                     Date


_____          _____
JOHN J. FRAIL                              3-19-13
Assistant United States Attorney          Date


3